Thomas E. Mountjoy Greene County Prosecuting Attorney Greene County Courthouse Springfield, Missouri 65802
Dear Mr. Mountjoy:
This opinion is in response to your question asking:
 May the Greene County Commission appoint or employ the architectural firm which has as a minority partner the son-in-law of the Presiding Commissioner for purposes of architectural services in the planning and construction of a public building project of Greene County without violating Article 7, Section 6 of the Missouri Constitution?
Along with your question, you explain:
 . . . The County Commission is currently considering the appointment or employment of an architectural firm to assist the County in a public building project. In considering request for proposals from various architectural firms, one of the firms that would be considered is . . . . [a] Missouri partnership [which] consists of tier one partners who are equity participating partners and tier two partners who are non-equity participating but do share on the basis of profit and loss. The individual married to the daughter of the Presiding Commissioner, and as his son-in-law is a partner in tier two of the Missouri general partnership. The architectural firm . . . holds itself out to the public as providing services for architectural and engineering services in southwest Missouri.
Article VII, Section 6, of the Constitution of Missouri provides:
 Section 6. Penalty for nepotism. Any public officer or employee in this state who by virtue of his office or employment names or appoints to public office or employment any relative within the fourth degree, by consanguinity or affinity, shall thereby forfeit his office or employment.
Article VII, Section 6, of the Constitution of Missouri prohibits with the penalty of forfeiture of office, any public officer from appointing a relative within the degree named to public office or employment. A county presiding commissioner is a public officer within the meaning of the provision. Likewise, a son-in-law is a relative within the fourth degree by affinity. The issue is whether the county commission contracting with an architectural firm in which the presiding commissioner's son-in-law is a non-equity participating partner would constitute a public officer appointing a relative to public office or employment.
In Attorney General Opinion No. 88-90, a copy of which is enclosed, we addressed the question of whether a public administrator could contract with an abstract corporation whose stock is wholly owned by her brother-in-law. We stated:
 The public administrator may contract with the abstract corporation, regardless of her brother-in-law's ownership, without running afoul of Article VII, Section 6. Article VII, Section 6 forbids the hiring of a relative within the fourth degree by consanguinity or affinity. The corporation is not a "relative" of the public administrator.
Id., p. 3.
Attorney General Opinion No. 88-90 is consistent with Attorney General Opinion No. 92, Hyler, 1963, a copy of which is enclosed, in which this office concluded a county commission's purchase of road gravel from a company owned and operated by a commissioner's son did not violate Article VII, Section 6.
In the situation about which you are concerned, the possible contract would be between the county and the architectural firm in which the presiding commissioner's son-in-law is a non-equity participating partner. Just as in Opinion No. 88-90, the abstract corporation was not a relative of the public administrator, in the situation about which you are concerned, the architectural firm is not a relative of the presiding commissioner. Therefore, we conclude no violation of the nepotism provision would occur by the county contracting with such firm.
CONCLUSION
It is the opinion of this office that it would not be a violation of Article VII, Section 6, of the Constitution of Missouri for a county commission to contract with an architectural firm in which the son-in-law of the presiding commissioner is a non-equity participating partner.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion No. 88-90 Opinion No. 92, Hyler, 1963